UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| EMANUEL HAYES, )<br>)<br>  Plaintiff, )<br>)<br>  v. )<br>)<br>THOMAS P. SCHNEIDER, et )<br>al., )<br>)<br>  Defendants. ) | 13-CV-3183 |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Illinois River Correctional Center, seeks leave to proceed in forma pauperis on claims arising from the conditions he experienced at the Sangamon County Jail and the Macon County Jail.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2103).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is

plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff was detained in the Sangamon County Jail from April 2011 to August 2011. He was detained in the Macon County Jail from February 2012 to October 2012. Each time he was forced to sleep on a foam mattress on the floor because of overcrowding. During intake in the Sangamon County Jail in April 2011, Plaintiff allegedly had to sleep directly on the floor in a cell with seven other people. Plaintiff alleges that the floor was filthy, making breathing difficult. Plaintiff also alleges that the intake cell was filthy. Plaintiff alleges that he suffered hip and joint problems from sleeping on the floor.

Sleeping on a mattress on the floor does not necessarily arise to an objectively serious deprivation or allow an inference of deliberate indifference. *See* Ashley v. Mollenhauer, 2013 WL 432907 (N.D. Ind. 2013)("Sleeping on the floor, however, does not deprive a prisoner of the minimal civilized measure of life's necessities so long as jail officials provide a mattress.")(*citing* Mann v. Smith, 796 F.2d 79, 85 (5th Cir.1986) (Prisoners do not have a constitutional right to elevated beds, and may be required to sleep

on mattresses on the floor)). However, considering the totality of the conditions alleged by Plaintiff, the Court concludes that Plaintiff states an arguable claim that the conditions at both Jails were objectively serious enough to violate constitutional standards. Whether Defendants were deliberately indifferent to those conditions cannot be determined at this stage.

However, Plaintiff cannot pursue claims against both Jails in this case. Fed. R. Civ. P. 20 (discussing when parties may be joined in one action); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)("Unrelated claims against different defendants belong in different suits . . .").

If Plaintiff wants to pursue both claims, the claim against the Sangamon County Defendants will proceed in this case, and the claim against the Macon County Defendants will be severed into a new case. Plaintiff will have to pay the filing fee in both cases (in installments).

**IT IS THEREFORE ORDERED:**

1) The merit review hearing scheduled for September 30, 2013 is cancelled. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states

claims that the conditions Plaintiff endured at the Macon County and Sangamon County Jails were unconstitutional.

    2)    Plaintiff's Sangamon County Jail claims will proceed in this case.

    3)    If Plaintiff wishes to pursue his Macon County Jail claims, by October 8, 2013, Plaintiff must file a motion to sever his Macon County Jail claims into a new case. If Plaintiff does not file a motion to sever, the Macon County Jail claims will be dismissed, without prejudice.

ENTERED: 9/23/2013

FOR THE COURT:

                          **s/Sue E. Myerscough**
                          SUE E. MYERSCOUGH
                          UNITED STATES DISTRICT JUDGE