E-FILED
Tuesday, 19 May, 2015  01:04:23 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EMANUEL HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-3183 |
| | ) | |
| THOMAS P. SCHNEIDER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated at Vienna Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging a Fourteenth Amendment Due Process claim for the conditions of confinement he experienced while incarcerated at the Sangamon County Jail. The matter is before the Court for ruling on the Defendants' Motion for Summary Judgment (Doc. 27). For the reasons stated below, the motion is granted.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## FACTS

Plaintiff was incarcerated in the Sangamon County Jail from April 10, 2011 to August 30, 2011. Plaintiff alleges that he was placed into several crowded jail cells upon arrival at the jail and for the duration of the booking process. According to Plaintiff, the window in at least one of the cells was covered in dried saliva, and there was urine and other debris in the cell that was never cleaned. After the booking process, which lasted approximately 40 hours,

Plaintiff was housed in the same cell for the remainder of his incarceration. Because of overcrowding at the jail, Plaintiff shared a cell with another inmate and he (Plaintiff) was forced to sleep on a mattress on the floor. Per jail policy, Plaintiff's cell was cleaned, along with all other cells, once a month by inmates who had earned the designation of trustee. In addition, cleaning supplies were available upon request for inmates who desired to do additional cleaning, though Plaintiff alleges he was never provided any. Plaintiff alleges that paint chips and an excessive amount of dust were on his cell floor, "dung flies" came up through the sink, and that, when flushed, his toilet would drip urine on the floor, causing a bad smell. Plaintiff alleges these conditions persisted for the duration of his incarceration. As a result, Plaintiff alleges that he occasionally had difficulty breathing, he developed a rash and achy joints from sleeping on the mattress on the floor, and that he suffered emotional injury.

 Two defendants remain in the present lawsuit. Defendant Williamson is the Sheriff of Sangamon County, and Defendant Durr is the Jail Superintendent. As hierarchies at the jail go, these defendants are at the top, and are not directly in charge of the

support services at the jail. In his deposition, Plaintiff admits he has never met Defendant Williamson, nor spoken to Defendant Durr. Rather, Plaintiff alleges his lawsuit is based upon an Illinois statute that makes each defendant responsible for the conditions at the jail.

## ANALYSIS

### Statute of Limitations

The statute of limitations for lawsuits brought pursuant to Section 1983 is two years. See Kalimara v. Ill. Dept. of Corr., 879 F.2d 276, 277 (7th Cir. 1989). Plaintiff brought this lawsuit on June 19, 2013. (Doc. 1). Defendants argue that because the alleged cell conditions Plaintiff endured during the booking process occurred more than two years prior to that date that any claims related to those cells are time-barred. Plaintiff's claims, taken as a whole, allege an on-going constitutional violation that persisted throughout his stay at the Sangamon County Jail. When viewed in a light most favorable to Plaintiff, these claims would not accrue until the date of the last violation, that is, the day that Plaintiff was released from Sangamon County Jail. Turley v. Rednour, 729 F.3d 645, 651 (7th Cir. 2013) (for continuing violations, "the two-

year period starts to run . . . from the date of the last incidence of that violation, not the first."). Because Plaintiff was released on August 30, 2011, the Court finds that Plaintiff's claims are not time-barred and, therefore, will address the claims on the merits.

## **Conditions of Confinement**

As Plaintiff was a pretrial detainee at the time the alleged constitutional violations occurred, Plaintiff's claims arise under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's proscription against cruel and unusual punishment. Mayoral v. Sheahan, 245 F.2d 934, 938 (7th Cir. 2001). Despite this distinction, there exists "little practical difference between the two standards." Id. (quoting Weiss v. Cooley, 230 F.3d 1027, 1032 (7th Cir. 2000)). The standard for analyzing a conditions-of-confinement claim in the prison context is well-established: a prison official is liable for denying a prisoner of his or her basic human needs, but only if the official is aware of and deliberately indifferent to an objectively serious risk of harm. Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir.2008). The court must first determine whether the conditions at issue were "sufficiently serious" such that "a prison official's act or omission

result[ed] in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 832, 834 (1994) (internal quotation marks omitted); see also Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir.2006). Prison conditions may be uncomfortable and harsh without violating the Eighth Amendment.  See Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir.1997).  "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]"  Snipes v. DeTella, 95 F.3d 586, 590 (7th Cir.1996) (citing Farmer, 511 U.S. at 832).  Therefore, "extreme deprivations are required to make out a conditions-of-confinement claim." Henderson v. Sheahan, 196 F.3d 849, 845 (7th Cir.1999) (quoting *Hudson*, 503 U.S. at 9).  An alleged unconstitutional condition may satisfy this requirement on its own, or when several conditions taken in combination "have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise…." Wilson v. Seiter, 501 U.S. 294, 304 (1991).

Plaintiff's allegations relate primarily to the conditions within his post-booking assigned cell.  Specifically, Plaintiff alleges he was exposed to dust, urine, and "dung flies" as a result of jail officials'

failure to have his cell cleaned on a daily basis. The exposure to human waste may constitute an objectively serious deprivation for purposes of the conditions-of-confinement analysis. Cf. Wheeler v. Wexler, 303 Fed. Appx. 365, 368 (7th Cir. 2008) (inmate exposed to human waste); Vinning-El v. Long, 482 F.3d 923, 923-25 (7th Cir. 2007) (feces smeared on walls of cell); Johnson v. Pelker, 891 F.2d 136, 139-140 (7th Cir. 1989) (same); DeSpain v. Uphoff, 264 F.3d 965, 974 (10th Cir. 2001) ("Exposure to human waste…evokes both the health concerns emphasized in Farmer, and the more general standards of dignity embodied in the Eighth Amendment."). To what extent Plaintiff was exposed to human waste in his cell is unclear as the only evidence now before the Court is Plaintiff's allegations that the toilet in his cell leaked and that "dung flies" were present in multiple locations within the jail. At this point in the proceedings, "a party must show what evidence it has that would convince a trier of fact to accept its version of events." Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003) (internal quotations omitted). Plaintiff has not pointed to any specific evidence in the record upon which a reasonable juror could find in his favor.

Even if Plaintiff had done so, Plaintiff cannot show how Defendants Williamson and Durr were deliberately indifferent. Deliberate indifference is more than negligence, but does not require the plaintiff to show that the defendants intended to cause harm. Mayoral, 245 F.3d at 938. Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Absent a showing of a prison official's personal involvement, a plaintiff must show the defendants knew about the alleged conduct, facilitated, approved, or otherwise condoned it to hold a supervisor liable under Section 1983. Vance v. Peters, 97 F.3d 987, 993 (7th Cir. 1996); see Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (no respondeat superior liability under § 1983. For liability to attach a plaintiff must show how each official, "through the official's own individual actions, has violated the Constitution.").

Plaintiff admits that he had never met Defendant Williamson, nor spoken to Defendant Durr. His claims, rather, appear to be

based solely upon the defendants' respective supervisory positions and the general responsibilities inherent thereto. See Pl. Dep. 30:13-16 ("[W]ardens and superintendents are supposed to maintain the jail in a clean and healthy environment, and this wasn't done, and so that's why I filed the claim…."). Furthermore, there is no evidence that any prison official was deliberately indifferent in this case. Plaintiff was allowed to be out of his cell for a majority of the day, the cells were cleaned on a routine basis even if not at a frequency acceptable to Plaintiff, and cleaning supplies were available to inmates upon request. Therefore, from these facts, no reasonable juror could find that the Defendants were deliberately indifferent.

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (Doc. 27) is GRANTED.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion for Summary Judgment is GRANTED [27]. The Clerk of the Court is directed to enter judgment in favor of all Defendants and against Plaintiff. All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs. All deadlines and settings on the Court's calendar are vacated.**

**2) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should identify the issues Plaintiff will present on appeal.** *See* **Fed. R. App. P. 24(a)(1)(c).**

Entered this 18th day of May, 2015.

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
